## John McCully et al.

## v.

## Charles M. Hardy.

1. Sale by one not having the right of property.—A man can not, by his sale, transfer to another the right of ownership in a thing in which he himself has not the right of property.

2. Judicial sales.—The above rule applies where the purchaser takes his title through a judicial sale. In all such sales the doctrine of *caveat emptor* applies, since the officer selling has no power to warrant the title and the purchaser is presumed to have examined the title and to know what he is acquiring by his purchase.

3. Estoppel.—The claim that appellants permitted Bishop, the bailee, to exercise such acts of ownership over the safe as to estop them now from denying his ownership, is not sustained by the evidence; and even if such was the fact, an essential element of estoppel is wanting in 'that no credit was extended to Bishop on the faith of his ownership of the safe, nor was it purchased of him upon any representation as to the ownership.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding. Opinion filed November 16, 1883.

Messrs. Matthews & Dicker, for appellants; as to bailment, cited Fawcett v. Osborn, 32 Ill. 411; Klein v. Seibold, 89 Ill. 450; Ohio, etc., R. R. Co. v. Kerr, 49 Ill. 459; Peters v. Smith, 42 Ill. 417.

The maxim *caveat emptor* applies to judicial sales: Roberts v. Hughes, 81 Ill. 130.

Mr. C. M. Hardy, for appellee; that if the real owner of goods suffers another to have possession of his property and thus enables the latter to hold himself out to the world as having not only the possession but the property, then a sale by such a person will bind the true owner, cited Jennings v. Gage, 13 Ill. 611; Rust v. French, 13 Wend. 572; Saltus v. Everett, 20 Wend. 267; Mowry v. Walsh, 8 Cow. 241; Furniss v. Howe, 8 Wend. 256; Butters v. Haughwout, 42 Ill. 29; Anderson v. Armstead, 69 Ill. 454; Brundage v. Camp, 21 Ill. 337.

BAILEY, J. This was an action of trover brought by the appellants against the appellee before a justice of the peace, and afterward taken by appeal to the circuit court. It appears that some time in 1879, the appellants, being the owners of a certain office safe, lent it to one Bishop to use, and that Bishop retained possession of, and used it in his office, in Chicago, about two years and a half, when it was levied upon by virtue of an execution against Bishop, and sold to the plaintiff in the execution, who afterward sold it to the appellee. Appellee then took the safe into his possession, and on subsequent demand by the appellants, refused to deliver it to them.

No question is made as to the validity of said judgment and execution, or as to the regularity of the proceedings thereunder, nor does it appear that the appellee, when he purchased the safe, had any notice of the appellants' rights. On the other hand, some effort was made by the appellee to show that the appellants had permitted Bishop to exercise acts of ownership over the safe inconsistent with the title now set up, and it is urged that they ought to be estopped from claiming the safe, as against the purchaser at the execution sale or his vendee.

We have examined the evidence with care, and in our judgment it is insufficient to warrant the court in holding the appellants estopped from claiming the safe, by any acts or representations of their own, or by any acts or representations of Bishop, of which they had any knowledge or for which they were responsible. There is some evidence of an admission by one of the appellants, that Bishop, after the safe went into his possession, obliterated from it the appellants' names by gilding over them, but there is no evidence of his having done so by the permission of the appellants, either express or implied, and the clear preponderance of the evidence seems to show that, in point of fact, the appellants' names were never on the safe, but that they bought it second-hand, and that the names obliterated were those of their vendors. There is some evidence also of an admission by one of the appellants that Bishop "used the safe as his own," but, apart from the evidence

McCully v. Hardy.

of the obliteration of the owners' names just referred to, the record is silent as to any specific acts of Bishop which were not quite as consistent with a bailment as with the ownership.

The evidence is uncontradicted that the possession of Bishop was in fact that of a bailee merely, and that the ownership of the safe at the date of the levy and sale was in the appellants. Under these circumstances it is quite clear that no title was obtained by the purchaser at the execution sale and consequently that none passed to his vendee.

The principles of law applicable to the case are so well settled as to require no extended discussion. It is a general rule of law, subject to certain exceptions in no way involved in this case, that no man can, by his sale, transfer to another the right of ownership in a thing wherein he himself has not the right of property. Fawcett v. Osborn, 32 Ill. 411; Burton v. Curyea, 40 Id. 320; Jones v. Nellis, 41 Id. 482; Gibbs v. Jones, 46 Id. 329; Klein v. Siebold, 89 Id. 540. Nor is the rule different where the purchaser takes his title through a judicial sale. In all such sales the doctrine of *caveat emptor* applies, for the reason that the officer selling has no power to warrant the title, and the purchaser is presumed to have examined the title, and to know what he is acquiring by his purchase. Bishop v. O'Connor, 69 Ill. 431; McManus v. Keith, 49 Id. 388; Holmes v. Shaver, 78 Id. 578; Roberts v. Hughs, 81 Id. 130; England v. Clark, 4 Scam. 486; Owings v. Thompson, 3 Id. 502.

There is no evidence or pretense of any fraud practiced upon the appellee or his vendor, at the time of the levy or sale, by either the appellants or Bishop, as none of them were present or had any communication with either the officer or the purchaser, except that Bishop, on learning that a levy had been attempted, put on the safe a notice that it was the property of the appellants. The only claim is, that the appellants permitted Bishop to exercise such acts of ownership over the safe as ought now to estop them from denying his ownership. Not only has the appellee failed to prove any conduct on the part of Bishop, or, more particularly, any conduct of which

the appellants were aware, or to which they gave their assent, which could work an estoppel, but another and a very es-sential element of an estoppel is wanting, viz., proof that such conduct was adopted with a view to deceive, and that the purchaser at the execution sale was deceived thereby. No credit was extended to Bishop on the faith of his ownership of the safe, nor was it purchased of him upon any represen-tations as to the ownership.

The cause was tried by the court without a jury, and the is-sues found for the appellee, and the court after denying the appellants' motion for a new trial gave judgment in favor of the appellee for costs. The finding of the court was, in our opinion, contrary to the evidence, and the judgment will therefore be reversed and the cause remanded.

Judgment reversed.